# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3567
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Underdahl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: November 21, 2025
Filed: August 4, 2026
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Police found twelve rounds of ammunition in Derek Underdahl's Iowa home while executing a search warrant there. A jury then found Underdahl guilty of possessing ammunition as a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Underdahl appeals, and we affirm.

Underdahl turned himself in to police as a person of interest in an investigation of a shooting. Police then obtained a warrant to search Underdahl's home for weapons and ammunition. Underdahl had an infant child, and he shared the home with his sister, stepfather, and mother. While searching the upstairs bedroom, police found various items identifying or associated with Underdahl. Police also found men's and infant's clothing in the room. Then, police found a plastic baggie with twelve rounds of ammunition in one of the room's closets. Eight rounds were Winchester brand, and four were Federal Cartridge brand. At trial, ATF Special Agent Robert Friend testified that Winchester and Federal did not manufacture their ammunition in Iowa.

During Underdahl's criminal proceedings, he moved to dismiss the indictment, arguing § 922(g)(1) was unconstitutional as applied to him. The district court[1] denied the motion at the start of trial. When the government rested, Underdahl moved for a judgment of acquittal, arguing the evidence was insufficient to prove he possessed the ammunition and that it had moved in interstate commerce. The district court also denied that motion. Later, during its deliberations, the jury asked the district court to clarify a jury instruction regarding proof of Underdahl's knowledge. The district court told the jury it could consider Underdahl's acts or statements "in connection with the alleged offense." But the district court declined Underdahl's request to reinstruct the jury that it could not consider his "decision to refrain from testifying . . . ." The jury then found Underdahl guilty, and the district court denied his renewed motion for judgment of acquittal and motion for new trial.

On appeal, Underdahl argues that (1) the government presented insufficient evidence to support the possession and interstate commerce elements of § 922(g)(1); (2) the district court improperly instructed the jury; and (3) § 922(g)(1) is unconstitutional as applied to him.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

We begin with Underdahl's two sufficiency arguments. "We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence and all reasonable inferences in the light most favorable to the jury's verdict." *United States v. McDonald*, 826 F.3d 1066, 1072 (8th Cir. 2016). "A judgment of acquittal . . . is warranted only when no reasonable jury could have found all the elements beyond a reasonable doubt." *United States v. Collier*, 116 F.4th 756, 767 (8th Cir. 2024) (cleaned up); *see also United States v. Tyus*, 167 F.4th 1008, 1013 (8th Cir. 2026) (listing four elements of § 922(g)).

First, Underdahl contends the evidence was insufficient to prove that he constructively possessed the ammunition found in the house. We disagree. "Constructive possession is defined as knowledge of presence of the contraband plus control over the contraband." *United States v. Walker*, 103 F.4th 515, 519–20 (8th Cir. 2024) (quoting *United States v. Young*, 68 F.4th 1095, 1098 (8th Cir. 2023)), *cert. denied*, 145 S. Ct. 579 (2024). Knowledge and control "'may be inferred where a defendant has exclusive possession of the premises' where ammunition is found." *United States v. Spencer*, 50 F.4th 685, 688 (8th Cir. 2022) (quoting *United States v. Dooley*, 580 F.3d 682, 686 (8th Cir. 2009)). But if a defendant shares the premises with others, proving constructive possession "takes more evidence of knowledge and control" than "a 'mere connection' to the residence . . . ." *Id.* (quoting *United States v. Ways*, 832 F.3d 887, 897–98 (8th Cir. 2016)).

The government presented sufficient evidence that Underdahl had more than a mere connection to the upstairs bedroom where the ammunition was found. Officers found a debit card with Underdahl's name on it, a jury summons addressed to Underdahl, a birthday card to Underdahl, and a drawing of Underdahl with his child's mother, who did not live at the house. *See United States v. Cross*, 888 F.3d 985, 991, 993 (8th Cir. 2018) (affirming finding of constructive possession when contraband was found in room that contained men's clothes, along with documents addressed to defendant, and was off limits to female joint occupant). The men's and infant's clothing in the upstairs bedroom likewise suggests that Underdahl occupied the bedroom. *See id.* Viewed in the light most favorable to the verdict, this evidence

was sufficient for a rational jury to find that Underdahl constructively possessed the ammunition in the bedroom closet.

Second, Underdahl argues the government did not present sufficient evidence that the ammunition traveled in or affected interstate commerce. Expert testimony that a certain kind of ammunition is not manufactured in the state where it was found can satisfy § 922(g)'s interstate commerce element. *See United States v. Haynes*, 62 F.4th 454, 458–59 (8th Cir. 2023); *United States v. Nash*, 627 F.3d 693, 696–97 (8th Cir. 2010). Here, Special Agent Friend testified that Winchester and Federal ammunition — the two brands found in Underdahl's Iowa home — are not manufactured in Iowa. Viewed in the light most favorable to the verdict, this evidence was sufficient for a rational jury to find that the ammunition traveled in interstate commerce.

Even so, Underdahl contends that Friend was not credible because the information in Friend's report was not current when he drafted it. But Friend testified that the information in his report was current at the time police found the ammunition. And regardless, "[b]ecause the jury is the final arbiter of witness credibility, its credibility determinations are virtually unassailable on appeal." *United States v. Morris*, 109 F.4th 1078, 1082 (8th Cir. 2024). Thus, Friend's testimony sufficed to establish the ammunition passed through interstate commerce.

We turn to Underdahl's next argument, in which he contends the district court should have reinstructed the jury not to consider his "decision to refrain from testifying." We review for abuse of discretion. *See United States v. Maupin*, 3 F.4th 1009, 1014 (8th Cir. 2021). "A defendant is not entitled to a particularly worded instruction as long as the instructions fairly and adequately instruct the jurors on the applicable law." *United States v. Gilmore*, 968 F.3d 883, 886 (8th Cir. 2020). Nor must a district court repeat a jury instruction it has already clearly given. *Maupin*, 3 F.4th at 1015.

In response to the jury's question about proof of Underdahl's knowledge, he insisted that the district court add an instruction reminding the jury not to consider his "decision to refrain from testifying." But the district court had already instructed the jury that Underdahl's choice "not [to] testify must not be considered by you in any way or even discussed in arriving at your verdict." And the district court fairly and adequately instructed the jurors on the applicable law when it explained that they could consider Underdahl's statements and acts "in connection with the alleged offense." So the district court did not abuse its discretion by declining to repeat an instruction it had already given. *Id.*

Finally, Underdahl contends that § 922(g)(1) is unconstitutional as applied to him. As he concedes, however, precedent forecloses this as-applied challenge.[2] *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (citing *United States v. Jackson*, 110 F.4th 1120, 1124–25 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708 (2025)).

Therefore, we affirm the district court's judgment.

———————————————————

---

[2]Even if an as-applied challenge to the felon-in-possession statute were available to Underdahl, he could not succeed. He has multiple criminal convictions, several of them violent. This criminal history leaves no doubt that he "present[s] a credible threat to the physical safety of others." *United States v. Rahimi*, 602 U.S. 680, 700 (2024).